IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-203-BO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>NEWPORT NEWS INDUSTRIAL )<br>CORPORATION, )<br>      Defendant. ) | ORDER |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Plaintiff, the United States Equal Opportunity Commission (EEOC), filed this action alleging that defendant discriminated against one of its former employees, Julia Horton, by discharging her in retaliation for complaining about being subjected to a hostile work environment based on her gender and/or for complaining about being subjected to disparate treatment in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most

favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"[A]n employment discrimination complaint need not include . . . facts [establishing a prima facie case of discrimination] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, (2002) (quoting Fed. Rule Civ. Proc. 8(a)(2)); *see also Twombly*, 550 U.S. at 547 (requirement that complaint state claim that is plausible on its face does not "run counter" to *Swierkiewicz*'s holding that prima facie case of discrimination need not be established in the complaint). Retaliation by an employer against an employee who engaged in protected conduct is prohibited by Title VII, which provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). In order to state a prima facie case of retaliation, a plaintiff must show that she "opposed an unlawful employment practice or participated in a charge or other proceeding under Title VII; that [s]he has suffered an adverse employment action; and that there

2

is a causal connection between the two." *Balazs v. Liebenthal*, 32 F.3d 151, 158-59 (4th Cir. 1994).

Plaintiff has alleged the following facts, which the Court must accept as true, in support of its claim for retaliatory discharge. Horton was hired by defendant in September 2010 as a planner to assist with a nuclear plant outage and was the only female in her department. In November 2010 Horton complained to a staffing representative and recruiter employed by defendant that her site superintendent, who is male, treated her in a condescending and bullying fashion because of her gender and that he seemed to have a problem with women. In support of her complaint, Horton pointed to specific instances wherein she felt her superintendent was discriminating against her or treating her differently because of her gender. For example, Horton complained that her superintendent belittled her in front of her male peers, that he ignored her when she arrived at the work site, and that he treated her in a bullying manner. The staffing representative reported Horton's complaint to the manager of support field operations, who in response inserted another supervisor into Horton's chain of command. Horton then notified her new supervisor of the complaints that she had made against her superintendent.

Horton was later contacted by the operations manager regarding her complaint, to whom she reiterated the bases for her belief that her superintendent was treating her differently due to her gender. In late November 2010, defendant's vice president and general manager conducted an investigation into Horton's allegations. Horton again reiterated that she believed that her superintendent's behavior toward her because of her gender was creating a hostile work environment. On December 2, 2010, Horton was discharged by the vice president and general manager.

3

Case 7:13-cv-00203-BO   Document 20   Filed 03/06/14   Page 3 of 5

Plaintiff has stated a claim on which relief can be granted and dismissal of the complaint at this stage of the proceeding is unwarranted. Plaintiff has sufficiently alleged that Horton opposed an unlawful employment practice when she complained repeatedly to defendant that she was being subjected to a hostile work environment or being treated differently because of her gender. *See Kubicko v. Ogden Logistics Servs.*, 181 F.3d 544, 551 (4th Cir. 1999) ("as long as an employee complains to his or her employer or participates in an employer's informal grievance procedure in an orderly and nondisruptive manner, the employee's activities are entitled to protection under § 704's opposition clause."). Plaintiff has also sufficiently pled that she suffered an adverse employment action as she has alleged that she was discharged. *See e.g. Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (undisputed that discharge is adverse employment action).

Finally, the third element of a prima facie case of retaliation has been sufficiently pled as "very little evidence of a causal connection is required to establish a prima facie case, and mere temporal proximity between the filing of a discrimination charge and adverse employment action is sufficient." *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 424-25 (E.D.Va. 2004). Plaintiff has alleged here that Horton was discharged seventeen days after her first complaint and two days after defendant completed its investigation into her complaints, which is sufficiently close in time to satisfy the causal connection element.

While defendant contends that based on the allegations in the complaint plaintiff cannot succeed on a claim for hostile work environment and thus the complaint must be dismissed, plaintiff need not "prove that the underlying claim of discrimination was true" in order to succeed on a claim for retaliation. *Balazs*, 32 F.3d at 158-59. Plaintiff must only demonstrate that Horton reasonably believed that she was engaging in protected activity when she

4

complained about work environment and treatment. *See Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338-39 (4th Cir. 2006).

Here, plaintiff has alleged that Horton complained of being subjected to gender-based harassment and/or disparate treatment. Horton's complaints reveal that she reasonably believed she personally was being repeatedly singled out, harassed, and treated objectively differently by her superintendent because of her gender. *See Id.* at 341-42 (finding no reasonable belief that activity complained of created hostile work environment where activity involved an isolated incident directed not at plaintiff but another employee). When she referred these complaints to defendant, defendant did not dismiss or ignore them, but rather initiated a formal investigation, which supports plaintiff's contention that Horton had an objectively reasonable basis to believe she was being subjected to discriminatory practices. Thus, even if the activities Horton complained of would not actually amount to a hostile work environment or disparate treatment, plaintiff has sufficiently pled that while Horton was complaining to defendant she reasonably believed that she was opposing unlawful employment practices. *See e.g. Prince-Garrison v. Maryland Dep't of Health & Mental Hygiene*, 317 F. App'x 351, 355 (4th Cir. 2009).

Accordingly, the Court finds that the facts as plead allow it to reasonably infer that defendant is liable for retaliatory discharge in violation of Title VII and that the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure have been satisfied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 13] is DENIED.

SO ORDERED, this 5 day of March, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5