IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, <br><br> v. <br><br> NEWPORT NEWS INDUSTRIAL CORPORATION, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. <br> 7:13-CV-203-BO |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged Defendant Newport News Industrial Corporation ("Defendant") discriminated against Julia Horton by discharging her in retaliation for complaining about being subjected to a hostile work environment based on her gender (female). Defendant denies the allegations made by the Commission and further denies any wrongdoing or liability. Likewise, in entering into this Consent Decree the Commission does not disavow the allegations in its Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole,

1

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII.

2. Defendant shall pay Julia Horton the sum of sixty-five thousand dollars ($65,000.00) for settlement of the claims raised in this action. Defendant shall issue two separate checks made payable to "Julia Horton" as follows: 1) one check representing compensatory damages in the amount of forty-three thousand two hundred seventy-six dollars ($43,276.00), which shall be reported in an IRS form 1099 Miscellaneous Income Statement; and 2) a separate payroll check in the amount of twenty-one thousand seven hundred twenty-four dollars ($21,724.00) minus standard income withholdings consistent with the last W-4 form completed by Ms. Horton during her employment. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail both checks to Ms. Horton at an address to be provided by the Commission. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of each check and proof of delivery to Ms. Horton. Neither the Commission nor Defendant make any representations, or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Ms. Horton may or may not incur on such payments under local, state, and/or federal law.

3. Defendant hereby certifies that its employment records for Julia Horton do not contain any documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2011-01427 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all of Julia Horton's personnel records to reflect that the reason for her separation of employment was that she "quit." Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report it has complied with this provision to the Commission.

4. Defendant shall provide Julia Horton with a letter of reference in the form attached as Exhibit A. Within ten (10) days of the entry of this Decree by the Court, the original, signed letter of reference shall be provided to Ms. Horton at an address to be provided by the Commission. Ms. Horton is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Ms. Horton from a potential employer, it will provide only the information set forth in the letter of reference in response.

5. Defendant has in place a Workplace Harassment policy, which prohibits retaliation against individuals who oppose conduct based on a protected status. The policy is attached hereto as Exhibit B.

> A. Within thirty (30) days of the entry of this Decree by the Court, Defendant shall distribute the policy attached as Exhibit B to each employee, manager, and supervisor. Within forty-five (45) days after the Consent Decree is entered, Defendant will notify the Commission of its compliance with this sub-paragraph.
>
> B. Defendant shall maintain this policy, or other similar policy as may be revised or updated as appropriate, throughout the term of this Decree. Defendant shall ensure that any revision or update to Defendant's policy includes Title VII's prohibition against retaliation. Defendant shall ensure that any revised policy contains language that Defendant prohibits retaliation against individuals for reporting conduct that they reasonably

believe could be discrimination, or for filing a claim, testifying, assisting, or participating in any investigation of discrimination. Any revision to Defendant's policy shall be distributed to all employees within thirty (30) days after the policy has been revised. Within forty-five days after any revision or update to Defendant's policy, Defendant shall report its compliance with the requirements of this sub-paragraph to the Commission.

    C.    During the term of this Decree, Defendant shall distribute the most current version of its policy (Exhibit B or any revised policy as discussed in subpart (b) above) to all new employees and review it with them at the time of hire.

6. During the term of this Decree as defined in paragraph 13, Defendant shall post a copy of the current or revised policy described in paragraph 5, supra, in each of its facilities in a place where it is visible to employees. Specifically, Defendant will place a copy of the policy in two locations which are 182 Enterprise Drive, Newport News, VA, 23603 (Defendant's Oakland Park facility) and 11850 Jefferson Avenue, Newport News, VA 23606 (Defendant's Oyster Point facility). If any policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days of the entry of this Decree, Defendant shall post the current policy and report its compliance with this provision to the Commission.

7. Defendant certifies that it requires its managers and supervisors to take mandatory web-based EEO/anti-harassment training annually, and that the most recent training was concluded on March 31, 2015. Within forty-five (45) days after the entry of this Decree, Defendant will provide the Commission with a list of all managers and supervisors who attended the most recent training. During the term of this Decree, Defendant shall continue to provide an annual training program to all of its managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII, and specifically, its prohibition of retaliation in the workplace. Said training program shall also include an explanation of Defendant's policy referenced in paragraph 5, above, and an explanation of the

4

rights and responsibilities of employees and managers under the policy and shall be completed by March 31, 2016. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. The agenda should contain sufficient detail to show that the items mentioned immediately above will be included in the training. If the agenda meets this requirement, Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after it completes each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit C and hereby made a part of this Decree, in a place where it is visible to all employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. Reporting provision.

    A. <u>Definitions</u> – for the purpose of this paragraph, the following definitions apply.

        (i) Protected activity – (a) complaining about any action that the employee reasonably believes to be discrimination that is unlawful under Title VII, (b) opposing any practice made unlawful under Title VII, or (c) filing a charge, giving testimony or assistance, or participating in any investigation, proceeding or hearing under Title VII.

        (ii) Adverse employment action – an action taken by the employer that would

have a negative impact on an employee, including but not limited to firing, demotion, reduction of work hours, change to part-time from full-time employment (unless at the employee's request) loss of benefits or seniority, failing to promote, or a change in work schedule if such a schedule change was not at the request of the employee.

    B.    Reporting requirements - During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after the Court approves this Decree. The reports will include the following information for all employees who (1) engaged in a protected activity during the current or preceding reporting period; <u>and</u> (2) were subjected to an adverse employment action during the current or preceding reporting period:

    (i) The name, job title, last known address, and last known telephone number of each employee who participated in a protected activity;

    (ii) For each such employee, a description of the protected activity, including the date of the complaint, the person who received the complaint, and a brief description of the substance of the complaint; and

    (ii) The adverse action the employee was subjected to and an explanation of why the adverse action was taken.

Defendant agrees that within seventy-two (72) hours of a request by the Commission for further information about an employee covered under this paragraph Defendant shall provide social security numbers, and last known addresses and telephone numbers for employees identified in response to paragraph 9.B, above.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

    10.    The Commission may review Defendant's compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents. Due to Defendant's strict security protocols requiring visitors to

obtain security clearance before entering Defendant's facilities, Defendant agrees to grant security clearance to a designated commission representative "(Designated Representative") for the purpose of reviewing Defendant's compliance with this Decree.

11. The Commission's Designated Representative may, upon forty-eight (48) hours' notice to Defendant's EEOC representative, Chavis Harris via e-mail at chavis.harris@hii-co.com, enter Defendant's facilities for one or both of the following two purposes: (a) to interview employees and examine and copy documents provided those documents are not deemed classified or restricted by the U.S. government; (b) to inspect Defendant's facilities for its compliance with the posting provisions set forth in paragraphs 6 and 8 of this Decree. Mr. Harris will take action to facilitate the Commission's designated employee in conducting these activities and viewing the postings located at 182 Enterprise Drive, Newport News, VA, 23603 (Defendant's Oakland Park facility) and 11850 Jefferson Avenue, Newport News, VA 23606 (Defendant's Oyster Point facility). .

12. If at any time during the term of this Decree, the Commission believes Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal

Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

_29 April 2015_  
Date

_Terrence W. Boyle_  
U.S. District Court Judge Terrence W. Boyle  
Eastern District of North Carolina

The parties jointly request that the Court approve and enter this Consent Decree.

This 27th day of April, 2015.

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **NEWPORT NEWS INDUSTRIAL CORPORATION, Defendant** |
| **/s/ Lynette A. Barnes** <br> LYNETTE A. BARNES (NC Bar #19732) <br> Regional Attorney <br><br> KARA GIBBON HADEN <br> Supervisory Trial Attorney <br><br> **/s/ Darryl L. Edwards** <br> DARRYL L. EDWARDS (PA Bar ID # 205906) <br> Trial Attorney <br> Email: darryl.edwards@eeoc.gov <br><br> U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Charlotte District Office <br> 129 West Trade Street, Suite 400 <br> Charlotte, North Carolina 28202 <br> Telephone: (704) 954-6467 (direct dial) <br> Facsimile: (704) 954-6412 <br><br> **ATTORNEYS FOR PLAINTIFF** | **/s/ Deborah P. Kelly** <br> Deborah P. Kelly <br> Attorney for Defendant <br> DICKSTEIN SHAPIRO LLP <br> 1825 Eye Street, NW <br> Washington, DC 20006-5403 <br> Telephone: (202) 420-4772 <br> Facsimile: (202)379-9316 <br> Email: kellyd@dicksteinshapiro.com <br> D.C. Bar. No. 420715 <br><br><br> **ATTORNEYS FOR DEFENDANT** |

<<NEWPORT NEWS INDUSTRIAL CORPORATION LETTERHEAD>>

To Prospective Employers of Julia Horton:

Julia Horton was employed by Newport News Industrial Corporation as a Planner from September 27, 2010 through December 2, 2010. During her tenure, Ms. Horton worked at the Brunswick Nuclear Power Plant in Southport, NC, operated by Progress Energy (now operated by Duke Energy). At the time of her separation, Ms. Horton's pay was $35.00 per hour, plus a per diem of $95.00 per day.

Sincerely,

Steve Napiecek
General Manager/ Vice President, Newport News Industrial Corporation

**EXHIBIT A**



| | CO NO. H410 |
|---|---|
| **Huntington Ingalls Industries** | PAGE 1 of 4 |
| **CORPORATE PROCEDURE** | DATE 12/12/14 |
| Subject: Workplace Harassment | SUPERSEDES See Below |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | REVISION Maintenance |

**Supersedes**  CO H410, Workplace Harassment, dated 12/15/11, Maintenance

**Revision Type**  Maintenance – non-substantive maintenance changes that do not affect the process or technical content of the document. See CO A101 for more clarification.

**Process Owner**  Primary Responsibility – Corporate Vice President and Chief Human Resources Officer

Functional Responsibility – Corporate Director, Employee Relations

**Authorization of Currency and Accuracy**  This procedure was authorized by the process owner for a period of three years from date issued. At the end of this period, this procedure must be reauthorized by the process owner in accordance with CO A101, Huntington Ingalls Industries Corporate Command Media Systems.

**Purpose**  This document defines workplace harassment, reaffirms the company's strong opposition to such conduct.

**General**  Huntington Ingalls Industries (HII) is committed to providing a work environment in which every person is treated with respect and dignity. Workplace harassment is unacceptable and is not tolerated. In addition, HII prohibits retaliation against individuals because they reported possible workplace harassment or because they participated in a harassment investigation or proceeding.

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO H410
Page 2 of 4
12/12/14

**Definition and Types of Workplace Harassment**

<u>Workplace harassment</u> is unwelcome, offensive behavior that is sexual in nature or based on race, national origin, religion, color, age, disability, veteran status, sex, including pregnancy, childbirth, or related conditions, or a person's sexual orientation or gender identity. It may also encompass other forms of hostile, intimidating, threatening, humiliating, or violent behavior, some of which may not necessarily be unlawful discrimination, but are nonetheless prohibited by this procedure. Workplace harassment can take the following forms:

- <u>Quid pro quo/economic harassment</u> occurs when submission to the unwelcome conduct is made, either implicitly or explicitly, a term or condition of employment benefits. This could include a situation where the submission to or rejection of the unwelcome conduct is used as the basis for any employment decision, including promotion, favorable performance appraisal, avoiding layoff, granting a leave request, etc. Harassment can also take the form of unwelcome conduct that results in direct economic harm to the victim. "Direct economic harm" means a significant change in employment status, such as firing, failing to promote, demoting, or reassigning to a position with significantly different pay or benefits. Quid pro quo harassment is committed by managers and supervisors, those with economic power over employees.
- <u>Environmental harassment or hostile environment</u> is unwelcome sexual conduct or conduct based on race, national origin, religion, etc., that creates an intimidating, hostile, or abusive working environment. To be unlawful, the behavior must be severe or pervasive enough to affect the terms and conditions of a reasonable person's employment. Environmental harassment may be committed by anyone in the workplace, including employees of any level, customers, suppliers, contractors, and visitors.

**Prohibited Conduct**

HII prohibits all personnel in its workplace from engaging in harassment. This includes employees and nonemployees, such as customers, suppliers, contractors, and visitors.

In addition, HII prohibits retaliation against individuals for reporting conduct they believe could be harassment, or for filing a claim, testifying, assisting, or participating in an investigation of harassment conducted by the company or by an agency, such as the federal Equal Opportunity Commission, the Office of Federal Contract Compliance Programs, or a state agency.

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO H410
Page 3 of 4
12/12/14

| | |
|---|---|
| **Internal Process** | Each HII business unit must establish and maintain an effective process to receive reports of possible harassment, investigate such reports in a timely, thorough, and confidential manner, and implement any appropriate remedial or corrective measures. |
| | Employees who believe they have been subjected to workplace harassment or retaliation, or who are aware of such an issue, must report the matter to their manager, Human Resources, the Equal Employment Opportunity (EEO)/Diversity program office, or the Ethics OpenLine (CO A202). Each report of harassment or retaliation is investigated in a timely, thorough, and confidential manner. |
| | Based on the findings of the investigation, the company takes appropriate remedial, corrective measures. Employees found to have engaged in harassment or retaliation face serious disciplinary consequences, up to and including termination. |
| | In addition to internal procedures, an employee may contact the federal Equal Employment Opportunity Commission and/or their state or local fair employment or anti-discrimination agency to lodge a harassment complaint. |
| **Employee Responsibilities** | Fully comply with the provisions of this procedure and promptly report any situations of potential harassment or retaliation to immediate management, cognizant Human Resources, the EEO/Diversity program office, or the Ethics OpenLine. |
| | Fully cooperate when asked to participate in company investigations and protect the confidentiality of company investigations. |
| **Additional Management Responsibilities** | Know the company's position against workplace harassment and retaliation and promptly report any possible harassment or retaliation to Human Resources, the EEO/Diversity program office, or the Ethics OpenLine. Seek advice from these same company resources if uncertain how to handle a potential harassment or retaliation situation. |
| **References** | **Procedures** <br> <u>CO A101</u>   Huntington Ingalls Industries Corporate Command Media System <br> <u>CO A202</u>   Openline |

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

| | |
|---|---|
| **Feedback** | Have feedback or suggested change regarding this document or a form? <u>Click Here</u>. |

Issued by: *HII Command Media*

Huntington Ingalls Industries Private/Proprietary Level I



# EMPLOYEE NOTICE

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Newport News Industrial Corporation ("NNI").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. NNI will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NE
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2018.

**EXHIBIT C**